## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: <br><br> BLUE EAGLE FARMING, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-02395 |
| IN RE: <br><br> H J FARMING, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-02397 |
| IN RE: <br><br> EAGLE RAY INVESTMENTS, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-81708 |
| IN RE: <br><br> WAR-HORSE PROPERTIES, LLLP, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-81711 |
| IN RE: <br><br> BLUE SMASH INVESTMENTS, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-81707 |
| IN RE: <br><br> ARMOR LIGHT, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 18-81710 |

31750614 v1

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **FORSE INVESTMENTS, LLC,** | ) **Chapter 11** |
| | ) |
| Debtor. | ) **Case No. 18-81709** |
| | ) |
| | ) |
| IN RE: | ) |
| | ) |
| **ROBERT BRADFORD JOHNSON,** | ) **Chapter 11** |
| | ) |
| Debtor. | ) **Case No. 18-81704** |
| | ) |
| | ) |

## MOTION FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(B) FOR JOINT ADMINISTRATION OF CASES

**COME NOW,** Blue Eagle Farming, LLC ("Blue Eagle"), and its affiliated debtors (each a "Debtor" and collectively, the "Debtors" or "Blue Eagle") in the above-captioned Chapter 11 cases (the "Cases") and, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), move this Court (this "Motion") to enter an order authorizing joint administration of the Debtors' above-captioned chapter 11 cases, which are more fully detailed on Exhibit "A." Contemporaneously with the filing of this Motion, the Debtors have filed respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). In support of this Motion, the Debtors rely on the *Affidavit of R. Bradford Johnson in Support of Chapter 11 Petitions and First Day Orders*, filed contemporaneously herewith, and state as follows:

### JURISDICTION AND VENUE

1. From June 8 to June 9, 2018, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Clerk of this

2

31750614 v1

Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107 and 1108.

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtors' chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b).

## BACKGROUND

3.  On the Petition Date, each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors have requested that the Cases be jointly administered for procedural purposes only.

4.  The Debtors are operating their businesses as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed.

5.  Detailed facts about the Debtors, the reasons for the commencement of their Cases, and additional support for this Motion are set forth in the *Affidavit of R. Bradford Johnson in Support of Chapter 11 Petitions and First Day Motions* (the "Johnson Affidavit"), filed contemporaneously herewith.

## RELIEF REQUESTED

6.  By this Motion, the Debtors seek the joint administration of the Debtors' chapter 11 cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b), which provides, in pertinent part:

> If a joint petition or two or more petitions are pending in the same court by or against . . . a partnership and one or more of its general

3

31750614 v1

> partners, or . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Fed. R. Bankr. P. 1015(b).

7. The Debtors are "affiliates" as that term is defined in Bankruptcy Code § 101(2). Accordingly, this Court is authorized to grant the relief requested herein.

8. These chapter 11 cases should be administered jointly to eliminate or reduce the need for duplicative notices, motions, applications, and orders and thereby save considerable time and expense for the Debtors and their estates.

9. The Debtors request that one file and docket be maintained for the jointly-administered cases and that such file and docket be the file and docket established for the case of Citation. The Debtors propose to use the case caption that is attached hereto as Exhibit "A" in the jointly-administered case. A notice similar to that attached as Exhibit "B" will be sent to all creditors and parties in interest and filed in each of the Debtors' cases.

10. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases. In the event that claims must be filed in these cases, each creditor may file one claim in the jointly-administered case, designating which of the Debtors it has a claim against. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases.

11. Supervision of the administrative aspects of these chapter 11 cases by the Bankruptcy Administrator will be simplified.

12. Joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for these cases and to combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors envision that numerous

notices, applications, motions, hearings and orders in these cases will affect most, if not all, of the Debtors. Further, joint administration will permit counsel for parties in interest to include the Debtors' respective estates in a single caption on the numerous documents that will be served and filed in these cases, thus enabling parties in interest of all estates to be apprised of the various matters before this Court.

13. All professionals who file fee applications should be permitted to file fee applications in just one case for all work done for all of the Debtors.

14. The Debtors request that joint administration of these cases include the following:

    (a)    the use of a single docket for administrative matters, including the list of claims filed and the filing, logging and docketing of pleadings in order;

    (b)    the combining of notices to creditors and other parties of interest;

    (c)    the scheduling of hearings;

    (d)    the filing of a single monthly operating report with the Bankruptcy Administrator by the Debtors;

    (e)    the joint handling of other administrative matters; and

    (f)    the filing of a single proof of claim with a statement included therein against which of the affiliated entities the claim is filed.

## NOTICE AND PRIOR MOTIONS

15. Notice of this Motion will be provided to (a) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Southern Division; (b) the United States Government; (c) all of Debtors' creditors; and (d) the District Director of the Internal Revenue Service for the Northern District of Alabama

16. No previous request for the relief sought herein has been made in these bankruptcy cases to this or any other court.

**WHEREFORE**, the Debtors request the Court enter an order, substantially similar to the order attached hereto as Exhibit "C," and grant the Debtors such other and further relief as this Court may deem just and proper.

Dated: June 10, 2018

*/s/ Michael Leo Hall*
Michael Leo Hall
Marc P. Solomon
Anna W. Akers

*Attorneys for Debtors*
*Blue Eagle Farming, LLC, et al.*

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

6

31750614 v1